**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL DARRYL BROWN,          :
                               :  Civil Action No. 07-5767 (SDW)
          Petitioner,          :
                               :
     v.                        :  **OPINION**
                               :
MICHELLE R. RICCI and          :
ANNE MILGRAM,                  :
                               :
          Respondents.         :


**APPEARANCES:**

Petitioner pro se                Counsel for Respondents
Michael Darryl Brown             Christopher W. Hsieh
New Jersey State Prison          Ofc. of Passaic Co. Pros.
P.O. box 861                     401 Grand Street
Trenton, NJ 08625                Paterson, NJ 07505

**WIGENTON**, District Judge

   Petitioner Michael Darryl Brown, a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondents are Warden Michelle R. Ricci and the Attorney General of New Jersey.

   For the reasons stated herein, the Petition must be dismissed.

I. BACKGROUND

On April 9, 1999, Petitioner was convicted in the Superior Court of New Jersey, Passaic County, of first-degree attempted murder and related offenses, and was sentenced to a term of imprisonment of 35 years. On direct appeal, the Superior Court of New Jersey, Appellate Division, affirmed. The Supreme Court of New Jersey denied certification on April 3, 2001. State of New Jersey v. Brown, 168 N.J. 290 (2001). Petitioner did not seek a writ of certiorari in the Supreme Court of the United States.

On February 28, 2003, Petitioner filed a petition for post-conviction relief in the trial court. On February 9, 2005, the court dismissed all the post-conviction relief claims except for a sentencing claim. On November 9, 2005, the court dismissed the sentencing claim. The Appellate Division affirmed on July 18, 2007. On October 4, 2007, the Supreme Court of New Jersey denied certification. See State of New Jersey v. Brown, 192 N.J. 596 (2007).

This Petition, dated November 21, 2007, followed. Here, Petitioner challenges his conviction on the following grounds: (1) ineffective assistance of trial counsel, and (2) prosecutorial misconduct. Respondents have moved to dismiss the

Petition as time-barred. Petitioner has not responded.[1] This matter is now ready for disposition.

## II. ANALYSIS

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. ...

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[2] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review

---

[1] Respondents have failed to file with this Court the record documents upon which they rely in support of their motion to dismiss. Nevertheless, in the absence of a reply challenging the accuracy of the dates, this Court will accept the procedural history as described in Respondents' Affidavit as true. See 28 U.S.C. § 2248.

[2] The limitations period is applied on a claim-by-claim basis. See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002).

3

> with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Here, Petitioner's conviction became "final" on July 2, 2001, ninety days after the Supreme Court of New Jersey denied certification on April 3, 2001. Accordingly, absent tolling, he was required to file his federal petition by July 2, 2002.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon

4

> its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally.  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar.

<u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24.  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  <u>Stokes v.</u>

District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations

6

period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

Here, the one-year limitations period expired on July 2, 2002.  Petitioner did not file his state-court petition for post-conviction relief until after that date, so it did not toll - or revive - the federal limitations period.  Nor has Petitioner asserted any ground for equitable tolling.  Accordingly, this Petition is untimely and must be dismissed with prejudice.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate

7

to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, no jurist of reason would find this Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

## IV. CONCLUSION

For the reasons set forth above, the Petition must be dismissed with prejudice. An appropriate order follows.

  s/ Susan D. Wigenton  

Hon. Susan D. Wigenton
United States District Judge

Dated: October 1, 2008

8